```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 MONICA GOKHBERG,

                   Plaintiff,            MEMORANDUM & ORDER
                                         23-CV-9481 (EK)(PK)

          -against-


 HUNTINGTON NATIONAL BANK, and
 HUNTINGTON BANCSHARES INC.,

                   Defendants.

--------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Monica Gokhberg brings this action against Huntington National Bank ("HNB") and a bank holding company, Huntington Bancshares Inc. ("HBI"). She asserts claims for libel, breach of fiduciary duty, fraud, "prima facie tort," and intentional infliction of emotional distress. Proceeding *pro se*, she contends that HNB wrongly imposed an insurance requirement on her home equity line of credit and then falsely told credit agencies that she had breached that requirement, thereby lowering her credit score.

        HBI now moves to dismiss the claims against it. Because Gokhberg has not specifically alleged any tortious behavior by HBI, the motion is granted.

**I. Background**

The following facts are drawn from the complaint, and are presumed true for purposes of this motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).[1]

In January 2020, Gokhberg obtained a home equity line of credit from TCF National Bank to renovate a condominium apartment in Florida. Compl. ¶¶ 5-7, ECF No. 1-2. Almost two years later, HNB bought Gokhberg's loan from TCF. *Id.* at ¶ 9. HNB then began charging her for insurance that her loan agreement with TCF did not require.[2] *Id*. Gokhberg alleges that even though she provided HNB with the requested proof of insurance coverage, the bank still reported "harmful" and "negative" information to credit agencies, lowering her credit score. *Id.* at ¶¶ 10-17. Despite multiple requests from Gokhberg, HNB refused to update or correct this information. *Id.* at ¶ 13. Gokhberg claims that "[a]s a result of Defendants' actions," her reduced credit score has made it harder to open accounts at other banks, get a job, obtain a new mortgage, or gain approval for a rental. *Id.* at ¶¶ 16, 18.

Gokhberg initially filed this lawsuit in New York state court in December 2023. *See generally* Compl. That same

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.
[2] The complaint does not specify the type or terms of the supposedly required insurance policy, or attach the policy itself.

month, the defendants filed a notice of removal. Notice of Removal, ECF No. 1. When the complaint was filed, Gokhberg was a citizen of New York. Compl. ¶ 1. HNB was a national bank headquartered in Ohio, *id.* at ¶ 2, and therefore a citizen of Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1348; *OneWestBank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) ("[A] national bank is a citizen only of the state listed in its articles of association as its main office."). HBI was a Maryland corporation with headquarters in Ohio, and therefore a citizen of both states. Notice of Removal 2; *see Hertz Corp. v. Friend*, 559 U.S. 77, 81, 85 (2010). Accordingly, there was complete diversity at the time of filing, and the Court has subject-matter jurisdiction. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

## II. Legal Standard

A court must "construe complaints filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Still, this liberal review "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as

3

true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Rather, the factual allegations pled must "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not sufficient. *Id.*

### III. Discussion

The complaint alleges that HNB behaved tortiously. But it contains only one oblique reference to *HBI's* conduct — the generic assertion that "Defendants' actions" caused Gokhberg's injuries. Compl. ¶ 18. This is not enough to survive a motion to dismiss. The complaint never explains how, or to what extent, HBI contributed to HNB's allegedly tortious conduct. It merely implies — via pluralization — that HBI was somehow involved. Courts regularly dismiss similarly generic and conclusory pleadings. *See, e.g.*, *In re Elevator Antitrust Lit.*, 502 F.3d 47, 50-51 (2d Cir. 2007) (district court properly dismissed complaint that failed to allege "particular activities by any particular defendant"); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 417 (S.D.N.Y. 2011) ("The complaint alleges direct involvement of the Parent Companies by way of

4

generic references to 'defendants.'  This approach is insufficient.").

In her briefing, Gokhberg tries to flesh out HBI's alleged role.  There, she posits that because HBI owns an insurance subsidiary, the insurance requirement on her loan could have been a ploy to steer business toward an HBI-owned business.  Pl.'s Mem. in Opp'n. to Mot. to Dismiss ¶¶ 8-10, ECF No. 17.  But Gokhberg does not mention this alleged conspiracy, let alone plead supporting facts, in her complaint.  And it is "axiomatic that the [c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss."  *Milligan v. GEICO Gen. Ins. Co.*, No. 20-3726-CV, 2022 WL 433289, at *6 (2d Cir. Feb. 14, 2022).

Accordingly, the claims against HBI must be dismissed.

### IV.  Conclusion

For the foregoing reasons, Gokhberg's claims against HBI are dismissed without prejudice.  The Court is aware that Gokhberg recently filed a motion to amend her complaint.  *See* Mot. for Leave to File Am. Compl., ECF No. 20.  Because the proposed amended complaint includes the claims against HBI, Prop. Am. Compl, ECF No. 20-1, but does not cure the deficiencies identified herein, that motion is denied as moot.  Gokhberg may move for leave to file an amended complaint within thirty days of this order's publication.  Any such motion should

comply with Section III.A of the Court's Individual Rules and Practices in Civil Cases.

      SO ORDERED.

                                    /s/ Eric Komitee  
                                  ERIC KOMITEE  
                                  United States District Judge

Dated:    February 24, 2025  
           Brooklyn, New York